Argued and submitted March 16, affirmed July 8, petitioner's motion for
reconsideration allowed by opinion October 14, 1992
See 116 Or App 572, 841 P2d 704 (1992)

FEDERATION OF OREGON PAROLE
AND PROBATION OFFICERS,
*Respondent,*

*v.*

STATE OF OREGON,
CORRECTIONS DEPARTMENT,
*Petitioner.*

(UP-117-89; CA A69143)

834 P2d 519

Harrison Latto, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Daryl S. Garrettson, Portland, argued the cause for respondent. With him on the brief were William J. Gibbons and Aitchison, Hoag, Vick & Tarantino, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

Oregon State Department of Corrections (Department) seeks judicial review of final order of the Employment Relations Board (ERB). ERB determined that Department had committed an unfair labor practice, ORS 243.672(1)(e), when it refused to bargain with the Federation of Oregon Parole and Probation Officers, the collective bargaining representative of Department's employees, before requiring an employee to submit to a drug test.

ERB relied on our opinion in *Tualatin Valley Bargaining v. Tigard School Dist.*, 106 Or App 381, 808 P2d 101, *rev allowed* 312 Or 16 (1991), in holding that mandatory drug testing is a "matter concerning" employee discipline and job security, which are "other conditions of employment" within the meaning of ORS 243.650(7),[1] thus making the testing a mandatory subject for bargaining. Department contends that we erred in that case by interpreting *Portland Fire Fighters Assoc. v. City of Portland*, 305 Or 275, 751 P2d 770 (1988), to have modified the analysis in *Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980), to determine whether balancing was required.

Although we do not believe that we did that in *Tualatin Valley*, unless and until the Supreme Court rules otherwise, that case controls.

Affirmed.

---

[1] ORS 243.650(7) provides:

" 'Employment relations' includes, but is not limited to, matters concerning direct or indirect monetary benefits, hours, vacations, sick leave, grievance procedures and other conditions of employment."